Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7563 | **DATE** | 1/28/2004 |
| **CASE TITLE** | ESPINOZA vs. NORTHWESTERN UNIVERSITY | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Rodolfo Espinoza's objections to the magistrate judge's report and recommendation [67-1] are overruled. The court adopts the report and recommendation granting Northwestern University's motion for sanctions pursuant to Rule 11 [58-1] and the court's inherent authority [46-1], and denies Espinoza's motion to strike [59-1]. Sanctions in the amount of $5,000 are imposed against Espinoza and awarded to Northwestern University. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | JAN 30 2004 date docketed | 70 |
| | Notified counsel by telephone. | | | | |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | docketing deputy initials | |
| X | Copy to judge/magistrate judge. | | | 1/28/2004 date mailed notice | |
| CB | courtroom deputy's initials | 04 JAN 29 PM 1:40 | | PW | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

RODOLFO D. ESPINOZA, )
)
          Plaintiff, ) No. 02 C 7563
)
v. ) Suzanne B. Conlon, Judge
)
NORTHWESTERN UNIVERSITY. )
)
          Defendant. )

## MEMORANDUM OPINION AND ORDER

Northwestern University ("Northwestern") hired Rodolfo Espinoza as a law library assistant on June 14, 1999. Northwestern terminated Espinoza just six months later, in December 1999. Espinoza filed a *pro se* complaint in federal court, alleging that Northwestern, the Illinois Department of Human Rights, and the Chicago Police Department conspired to violate his civil rights. He also alleged Northwestern discriminated against him because he is Mexican-American. Ultimately, only Espinoza's Title VII claims reached summary judgment. And those claims proved baseless: this court granted Northwestern summary judgment on Espinoza's discrimination and retaliation claims. Minute Order, 7/24/2003, Doc. No. 54. The case was then referred to a magistrate judge for a report and recommendation on Northwestern's motion for sanctions under Fed. R. Civ. P. 11 and the court's inherent authority. Minute Order, 7/25/2003, Doc. No. 56. After an evidentiary hearing, the magistrate judge recommended Northwestern's motion for sanctions be granted and that sanctions be imposed against Espinoza in the amount of $5,000. Minute Order, 11/19/03, Doc. No. 66. Pursuant to Fed. R. Civ. P. 72(b), Espinoza objects to the magistrate's recommendation to award sanctions.

1

## BACKGROUND

The centerpiece of Espinoza's lawsuit is a group of documents he claims to have received anonymously. Espinoza does not challenge the magistrate judge's findings of fact, he merely asserts that he has no "firsthand knowledge of the origins" of the documents at issue. Thus, the court adopts the magistrate's factual findings. *Lowe v. SRA/IBM Macmillan Pension Plan*, No. 01 C 58, 2003 WL 1565841, at *1 (N.D. Ill. March 25, 2003). The documents came in three sets. The first two sets purported to be letters and memoranda among Espinoza's supervisors and Northwestern officials regarding Espinoza's job performance and the reasons for his dismissal. The third set of documents purports to be a series of communications among senior Northwestern officials implicating Northwestern, the Illinois Department of Human Rights, and the Chicago Police Department in a criminal conspiracy to violate Espinoza's constitutional rights. The letters detail alleged assaults on Espinoza's nephew, the fire-bombing of Espinoza's home, and tampering with public records.

Espinoza first sought to introduce these documents in an action before the Illinois Department of Human Rights. Northwestern moved to bar the documents. Northwestern supported its motion with affidavits of the putative authors and recipients denying the documents' authenticity. Northwestern also offered the expert opinion of a forensic document examiner who concluded the documents' signatures were cut and pasted. Espinoza did not object to the motions to strike and they were granted. Espinoza then withdrew his Illinois Department of Human Rights case. He attempted to use the documents in connection with a public hearing in which he subsequently refused to participate.

Espinoza then brought his claims and documents to federal court. Espinoza accused his supervisors of national origin discrimination and he alleged Northwestern officials conspired with the Illinois Department of Human Rights and the Chicago Police Department to intimidate and harass him. Espinoza relied on the anonymous documents as the foundation for his federal lawsuit. The documents were attached to his complaint and his three amended complaints. The documents, as well as a handwritten log detailing the discrimination he suffered at Northwestern, were produced in his Rule 26(a)(1) disclosures. At his deposition, Espinoza testified that he understood his filings with this court must be true and accurate.

Pre-trial discovery demonstrated that the documents and the handwritten log were not authentic. The magistrate judge found Espinoza's deposition contained many disturbing admissions. Espinoza conceded that the affidavits of the purported Northwestern authors and recipients of the anonymous documents denying authenticity were probably true. He acknowledged that the first two sets of documents were inherently suspect and likely forgeries. Espinoza admitted he had no plans to authenticate the documents and that he had never investigated their authenticity before incorporating them into his signed pleadings. Espinoza attempted to enlist the help of a journalist and the Law Assistance Foundation but was rebuffed because both questioned the authenticity of the documents.

The magistrate judge also found that the circumstances surrounding Espinoza's receipt of the anonymous documents were suspicious. In his purported document log, Espinoza labeled the first set of documents as the "first set" *before* he received the other two sets of documents in the mail. Espinoza's handwritten log also aroused suspicion. Espinoza "discovered" the log only when he filed suit in federal court. Moreover, Northwestern's ink chemist determined that the

log was prepared within 12 to 16.5 months prior to the lawsuit, not during Espinoza's employment at Northwestern almost three years earlier.

## DISCUSSION

The magistrate judge found that Espinoza acted in bad faith and recommended an award of sanctions pursuant to Rule 11. For the most part, Espinoza's objections merely recount the facts supporting the magistrate judge's recommendation. *See* Pl's Obj. at ¶¶ 7, 10 (admits the documents are forged and incredible). However, Espinoza presents two cognizable objections. First, he denies any involvement in the actual forgery of the documents. Pl's Obj. at ¶¶ 14, 20-21. Second, he asserts Northwestern's motion for sanctions should be denied because he lacks the ability to pay. *Id.* at ¶¶ 15-18.

### I. Legal Standard

In reviewing a magistrate judge's report and recommendation, the district court must conduct a *de novo* review of any portion of the record to which a specific written objection is directed. Fed. R. Civ. P. 72(b). However, the district court is not required to conduct another hearing to review the magistrate's findings and credibility determinations. *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995). Rather, the district court may accept, reject, or modify the recommended decision.

### II. Espinoza's Objections

Initially, the court notes that Espinoza's objections do not comply with Rule 72. He failed to submit the magistrate judge's recommendation with his motion. Furthermore, his objections are untimely. Under Rule 72, Espinoza had 10 days after service of the report and recommendation to file his objections. *Kruger v. Apfel*, 214 F.3d 784, 786-87 (7th Cir. 2000).

4

The magistrate judge notified Espinoza of his decision at the November 19, 2003 hearing, orally stating his recommendation. The minute order reflecting the decision was mailed to Espinoza the same day. Accordingly, Espinoza's specific written objections were due December 10, 2003. *See Kruger*, 214 F.3d at 786-87 (10 days plus 3 days for mailed notice, excluding weekends and holidays). Espinoza did not file his objections until January 7, 2004. However, the deadline for filing objections is not jurisdictional. But Espinoza must demonstrate sufficient cause for failing to timely object. *United States v. Raymond*, 228 F.3d 804, 810 (7th Cir. 2000); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994). Espinoza claims his delinquency should be excused for two reasons: (1) because he never received a copy of the magistrate judge's order; and (2) because of "the many changes in [his] personal and work related environments." Espinoza Aff. at ¶¶ 4-7. Espinoza does not support these conclusory arguments. Given Espinoza's reckless approach to this litigation, the court finds his statements dubious. *See, e.g.,* Minute Order 9/26/03, Doc. No. 65 (he failed to appear at status hearing); Minute Order 7/24/03, Doc. No. 54 (he failed to respond to Northwestern's motion for summary judgment); Minute Order 7/09/03, Doc. No. 50 (denying his spurious, unsworn attack on court appointed counsel as incredible). Nevertheless, the court considers Espinoza's objections. The filing was not egregiously late and Northwestern has not shown prejudice because of Espinoza's late filing. *Kruger*, 214 F.3d at 787.

Espinoza's first objection, that he neither knew the identity of the forgers nor forged the documents himself, misses the point. Rule 11(b) requires an attorney or party to certify to the best of his "knowledge, information and belief, formed after an inquiry reasonable under the circumstances," that any pleading filed with the court is not presented for an improper purpose,

5

and that all claims have legal and evidentiary support. *Jimenez v. Madison Area Technical College*, 321 F.3d 652, 656 (7th Cir. 2003). Under Rule 11(c), a district court may impose sanctions on a party for filing false or frivolous pleadings. *Id.* at 656; *Fries v. Helsper*, 146 F.3d 452, 458 (7th Cir. 1998); *Chambers v. Nasco*, 501 U.S. 32, 50-51, 111 S. Ct. 2123, 2136 (1991). Turning to Espinoza's objection, it is immaterial whether he forged the documents himself or knew the identity of the forger. Espinoza is subject to sanction because he knowingly filed pleadings without evidentiary support. As the magistrate judge explained, there was ample evidence in the record – including Espinoza's own deposition – demonstrating that Espinoza knew the documents were *at best* unreliable, and that he took no steps to authenticate them. Despite numerous opportunities to withdraw his groundless accusations, Espinoza continued to file these falsified documents with the court. Accordingly, imposition of sanctions is warranted.

Espinoza contends that the "University's claims that [he] is the forger and attempting to perpetrate a deliberate fraud . . . [are] not founded on credible facts." Pl's Obj. at ¶ 14. This is not a specific, written objection as required by Rule 72(b). Moreover, the record and Espinoza's admissions belie the accuracy of the statement. The record overwhelmingly suggests the documents are forgeries. In fact, nothing in the record suggests the anonymous documents deserve an ounce of credence. Both the purported authors and recipients of the documents deny their validity in uncontroverted affidavits, and Espinoza admits he made no effort to confirm the documents' authenticity. His objection has no merit.

Espinoza argues that sanctions are inappropriate because he lacks the ability to pay. Pl's Obj. at ¶¶ 15-18. This argument was not presented to the magistrate judge. Nevertheless, on *de novo* review, this court must consider Espinoza's financial constraints. Financial means are an

equitable consideration when sanctions are imposed under Rule 11. *Johnson v. A.W. Chesterton Co.*, 18 F.3d 1362, 1366 (7th Cir. 1994). The burden is on the sanctioned party to show he is incapable of paying a reasonable award. *Id.* at 1366. Espinoza fails to meet his burden. He neglected to brief the issue; it is merely mentioned in his affidavit. Moreover, Espinoza fails to provide a statement of his current income, assets and liabilities. *Cf. McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994) (income statement required to show inability tp pay costs under Fed. R. Civ. P. 54(d)). Indeed, an award of $5,000 is sensitive to Espinoza's financial resources; Northwestern spent over $10,000 in legal fees and over $5,000 in expert fees to establish Espinoza's documents were forged. Accordingly, this court adopts the recommended $5,000 sanction.

One last point is worth mentioning. The magistrate judge recommended that the sanction be awarded in favor of Northwestern. Because Rule 11 sanctions are designed to deter frivolous litigation rather than to compensate defendants, monetary sanctions are ordinarily paid to the court. *Divane v. Krull Elec. Co., Inc.*, 200 F.3d 1020, 1030-31 (7th Cir. 1999), citing Fed. R. Civ. P. 11, 1993 Amendment Advisory Committee's Note, Subdivisions (b) and (c). Espinoza's malicious allegations produced unwarranted delay. His repeated attempts to revive failed claims needlessly increased the cost of litigation. Fed. R. Civ. P. 11(b)(1). Accordingly, an award in favor of Northwestern is fully justified.

## CONCLUSION

Espinoza's objections to the magistrate judge's report and recommendation are overruled. The court adopts the report and recommendation and imposes Rule 11 sanctions against Espinoza in the amount of $5,000.

January 28, 2004

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge